UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────
JUAN ANTONIO CRUZ GARCIA,

           Plaintiff,

-against-

THOMSON & JOHNSON EQUIPMENT CO.,
INC., CROWN EQUIPMENT CORPORATION,
and PENGATE HANDLING SYSTEMS OF NEW
YORK, INC.,

           Defendants.
────────────────────────────────

**MEMORANDUM & ORDER**
25-CV-4834 (NGG) (CHK)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Juan Antonio Cruz Garcia originally commenced this action in the Supreme Court of the State of New York, County of Kings, Index No. 534358/2024, against Thomson & Johnson Equipment Co., Inc., Crown Equipment Corporation, and Pengate Handling Systems of New York, Inc. ("Defendants"). (Not. of Removal (Dkt. 1) at 1.) On August 29, 2025, Defendant Crown Equipment Corporation ("Removing Defendant") filed a Notice of Removal with this court, seeking to remove the action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, asserting jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1332. (*See id.*) For the reasons that follow, this action is REMANDED to the Supreme Court of the State of New York, County of Kings.

### Discussion

"The Court may raise *sua sponte* procedural defects related to the timing of a defendant's removal, so long as the Court does so within 30 days of the defendant's removal of the case, as required

by 28 U.S.C. § 1447(c)."[1] *Deutsche Bank Nat'l Tr. Co. as Tr. for First Franklin Mortg. Loan Tr. 2006 - FF1, Mortg. Pass - Through Certificates, Series 2006 - FF11 v. Nunes*, No. 23-CV-2637 (HG) (MMH), 2023 WL 3902144, at *1 (E.D.N.Y. May 3, 2023) (citing *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-32 (2d Cir. 2006); *see also* 28 U.S.C. § 1447(c).

28 U.S.C. § 1446(b)(3) gives defendants thirty days "from which it may first be ascertained that the case is one which is or has become removable" to file a notice of removal for a case that was previously not removable. 28 U.S.C. § 1446(b)(3). The Second Circuit has held that the voluntary dismissal of a non-diverse party renders a case removable. *See Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38, 40 n.2 (2d Cir. 1980) (per curiam). When a non-diverse party is voluntarily dismissed, the thirty-day clock is triggered on the day the party's dismissal is "final" because it is "only then" that the elimination of the non-diverse party from the action becomes final. *See also 250 Lake Ave. Assocs., LLC v. Erie Ins. Co.*, 281 F. Supp. 3d 335, 340 (W.D.N.Y. 2017) ("*Quinn* . . . emphasize[s] the importance of finality when analyzing the timeliness of a litigant's notice of removal, and require[s] the factors that once defeated diversity to become incapable of revival before removal is deemed appropriate."). A stipulation voluntarily dismissing the non-diverse party is "final" on the day it is "executed and filed." *250 Lake Ave. Assocs.*, 281 F. Supp. 3d at 340 (collecting examples); *accord Callen v. Callen*, 827 F. Supp. 2d 214, 216 (S.D.N.Y. 2011) (concluding that the thirty-day removal clock was triggered upon filing of papers disclosing facts sufficient to determine the existence of complete diversity). "The time limitations in 28 U.S.C. § 1446(b) [are] mandatory and [must be] strictly construed in accordance with the computation

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

principles set forth in Federal Rule of Civil Procedure 6." *Cohen v. Reed*, 868 F. Supp. 489, 496 (E.D.N.Y. 1994).

Here, the parties executed and filed a Stipulation of Discontinuance as to the non-diverse party—former Defendant Thompson & Johnson Co., Inc., a New York corporation that previously defeated complete diversity—on July 28, 2025. (*See* Not. of Removal at 2; Stipulation of Discontinuance (Dkt. 1-3).) The Stipulation of Discontinuance became effective on July 28, 2025. In accordance with Rule 6 and 28 U.S.C. § 1447(c), Removing Defendant had thirty days from July 28, 2025 to file a notice of removal. That period ended on August 27, 2025. As the Notice of Removal was not filed until August 29, 2025, (*see* Not. of Removal), it was untimely.

In remanding the case, the court follows established Second Circuit precedent and the approach embraced by other courts in this District. *See, e.g., Maignan v. BFL, Inc.*, No. 9-CV-4305 (ILG), 2010 WL 2079774, at *2 (E.D.N.Y. May 24, 2010) (finding that defendants' notice of removal was untimely because it was filed more than thirty days after they became aware the matter was removable). While the statutory time limit is not jurisdictional in nature, "absent a finding of wavier or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991), *superseded by rule on other grounds as stated in Contino v. United States*, 535 F.3d 124, 126-27 (2d Cir. 2008) (collecting cases). "Waiver or estoppel in this context obtains only in the narrowest of circumstances." *Izquierdo v. 34th St. Diner Inc.*, No. 21-CV-4799 (PGG), 2022 WL 72303, at *2 (S.D.N.Y. Jan. 7, 2022). Waiver would require evidence that "the parties reached a specific agreement regarding removal." *Id.* "Estoppel has been applied where a plaintiff agrees to dismiss an action during the thirty-day removal period, but then reneges on that representation after the period expires." *Id.*

3

The court cannot ascertain any indications that the parties waived the thirty-day removal time limitation from the Notice of Removal or its attached exhibits. The court also declines to apply estoppel to the thirty-day deadline because there is no indication that Plaintiff took any action or made any agreement with Removing Defendant that would have inhibited Removing Defendant's ability to timely file a notice of removal. *See Izquierdo*, 2022 WL 72303 at *2. And because the court must "construe the removal statute narrowly," the case must be remanded. *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Hum. Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

For the foregoing reasons, the Clerk of Court is respectfully DIRECTED to terminate the Notice of Removal, remand the action to Supreme Court, County of Kings, the Court from which it was removed, and close the case in this District. The court also VACATES the Scheduling Order (Dkt. 7) entered by Magistrate Judge Clay H. Kaminsky.

SO ORDERED.

Dated:   Brooklyn, New York
         September 10, 2025

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge